UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CEDRIC R. MAXWELL, | ) | |
| Social Security No. XXX-XX-1200, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-994-SEB-MPB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON
APPROPRIATE DISPOSITION OF THE ACTION**

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to its appropriate disposition. (Doc. 14.) Plaintiff Cedric Maxwell seeks judicial review of the Social Security Administration's final decision deeming him ineligible for Disability Insurance Benefits and Supplemental Security Income. The matter is fully briefed. (Doc. 21; Doc. 27; Doc. 30.) It is recommended that the District Judge **AFFIRM** the decision of the Commissioner of the Social Security Administration finding that Plaintiff Cedric Maxwell is not disabled.

**Procedural Introduction**

On July 5, 2012, Cedric Maxwell filed an application for Social Security Supplemental Security Income disability benefits under Title XVI of the Social Security Act. His application was denied initially and on reconsideration. A hearing was requested and held on January 16, 2014 before Administrative Law Judge (ALJ) Ronald T. Jordan. On March 12, 2014, the ALJ denied Maxwell's application. On April 27, 2015, the Appeals Council affirmed the ALJ's denial. Consequently, the decision became the final decision of the Commissioner of Social

Security. (20 C.F.R. § 404.981; *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007)). On June 25, 2015, Maxwell timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

## Standard for Proving Disability

To prove disability, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Plaintiff is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3)(B). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe. If they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings

2

equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his vocational profile (age, work experience, and education) and his RFC. If so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

**Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. This Court must affirm the ALJ's decision unless it lacks the support of substantial evidence or rests upon a legal error. *E.g.*, *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); 42 U.S.C. § 405(g). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ—not the Court—holds discretion to weigh evidence, resolve material conflicts, make independent

3

factual findings, and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399–400 (1971). Accordingly, the Court may not re-evaluate facts, reweigh evidence, or substitute its judgment for the ALJ's. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made. The ALJ must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I. The ALJ's Sequential Findings

Finding that Maxwell met the insured status requirement of the Social Security Act, and that he had not engaged in substantial gainful employment activity since the application date of July 5, 2012, the ALJ proceeded to Step two of the analysis.

At Step two, the ALJ determined that Maxwell, who was 38 years old at the time of filing, six feet tall, and ranging at various relevant times from between 314-320 pounds in weight, had "severe" impairment of the spine and was obese. CFR 416.92(c). "Severe," within the meaning of the Social Security regulations denotes that the conditions represent more than a slight abnormality, and have more than a minimal effect on Plaintiff's ability to perform basic functional activities. The ALJ also determined that Maxwell had several non-severe impairments: a left leg gunshot wound from many years previous,[1] depression, diabetes, and

---

[1] The Plaintiff's medical records note that Mr. Maxwell had surgery on this left leg in 1997. Doc. 12-7 at EFC p. 4. Plaintiff was born March 16, 1974, Doc. 12-7 at EFC p. 3, so he would have had this surgery when he was about 23

4

high blood pressure. However, the ALJ also determined that these impairments alone or in combination did not give rise to functional limitations imposing more than a mild limitation on his ability to perform basic work activities. The ALJ, for instance, found no objective medical evidence of record to corroborate the claimant's allegations of depression. In fact, several medical reports indicated that the Plaintiff reported no depression. *See e.g.* Doc. 12-7 at EFC p. 2. The only evidence regarding the gunshot wound was a reference to surgery for it in 1997. Doc. 12-7 at EFC p. 4. Further, evidence in the record clearly documented that the Plaintiff had worked extensively for years after the injury occurred, managing and operating his own lawn care business and later performing a variety of warehouse work, including operating a forklift. Doc. 12-2 at EFC p. 14, p. 36. The ALJ found little evidence to support any severe debilitation and remarked that neurological examinations in the record were unremarkable. Doc. 12-8 at EFC p. 100-103. Concerning Plaintiff's high blood pressure, the evidence clearly documented that this impairment was controlled with medications and had not resulted in any evidence of end-organ disease.

At Step three, the ALJ found that Maxwell's combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ considered Plaintiff's obesity as part of the entire record and within the parameters of social security ruling 02-lp. SSR 02-lp. The ALJ found that no documented evidence supported a finding that obesity had precluded the Plaintiff's ability to ambulate effectively, nor had it increased the severity of any impairment to the extent that the combination

---

years old. Plaintiff testified that he received this wound in his teenage years. Doc. 12-2 at EFC p. 47. It is unclear exactly when this wound was sustained, but it was at least 15 years before the date of application.

5

with the listed impairments caused that impairment to meet or equal the requirements of the Listing SSR 02-lp. As a result, the Plaintiff's obesity was not determined to be debilitating.

Concerning Plaintiff's back pain and the elements of Listing 1.04, the ALJ determined that the evidence of record did not establish a compromise of Plaintiff's nerve root or the spinal cord, nor any nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in an inability of the Plaintiff to ambulate effectively. Evidence to the contrary was simply nowhere within the record. While the Plaintiff relies on the findings of a May 18, 2011 MRI of his back, the results do not rise to the severity necessary to support a finding of the elements of Listing 1.04. To the contrary, the record is replete with evidence of the Plaintiff's ability to ambulate and otherwise perform daily living tasks. Therefore, the ALJ appropriately found that the requirements of Listing 1.04 were not met.

Similarly, in considering the Plaintiff's claimed depression, and consistent with the scant reference to any mental condition in the record, the ALJ was unable to find any limitations in the functional areas set out in the disability regulations for evaluating mental disorders. 20 CFR, Part 404, Subpart P, Appendix 1. In fact, before 2014, there is either no reference to depression in the Plaintiff's medical records, or Mr. Maxwell responds affirmatively that he does not suffer from depression. Under these circumstances, the ALJ was entirely justified in concluding that any claimed depression did not rise to level of a severe impairment prohibiting Plaintiff from appropriate work.

At Step four, the ALJ determined that the Plaintiff had the residual functional capacity (RFC) to perform sedentary work with some limitations. 20 CFR 416.967(a). The ALJ found the Plaintiff limited but functional in that:

> he can lift, carry, push or pull ten pounds occasionally and five pounds frequently;
> he can stand and walk two hours in an eight-hour day and sit six hours; he must

6

> have the opportunity to stand at his work station up to five minutes each hour at his discretion; and he can occasionally stoop, balance, crouch, crawl, kneel, and climb.

Doc. 12-2 at EFC p. 17. These findings find clear support throughout the record, and Plaintiff's argument to the contrary is undeveloped at best.

The ALJ concluded that Plaintiff could not perform any of his past work, consistent with the vocational expert's (VE) opinion. Plaintiff had worked in lawn care and in multiple jobs through the Adecco temporary work agency, Doc. 12-7 at EFC p. 34, doing inspecting and assembling work that the VE classified as light to medium in physical demands. Doc. 12-7 at EFC p. 48-50. Through Adecco, Plaintiff had worked in two warehouse settings, at times driving a forklift. Doc. 12-7 at EFC p. 48-50.

At 38 years old at the time his application was filed, Plaintiff was classified as a younger individual (between ages 18-44). He had limited education but was able to communicate effectively in English. Considering this and the determined RFC, the ALJ found that there were a significant number of unskilled sedentary jobs in the economy that Plaintiff could perform. The VE testified that, with Plaintiff's enumerated limitations, he would still be able to perform the jobs of Assembler, Inspector, and Order Clerk. As a result, Plaintiff was not entitled to disability benefits.

## II. Review of Plaintiff's Assertions of Error

### A. Substantial Evidence Supports the ALJ's Decision That Cedric Maxwell Was Not Disabled Due to Chronic Low Back Pain.

The Plaintiff takes issue with the ALJ's evaluation of Plaintiff's back ailments. As Defendant points out, part of this argument involves a critique of the ALJ's consideration of Plaintiff's testimony. Plaintiff's argument fails to develop any argument regarding the ALJ's assessment of Plaintiff's credibility, but this was clearly a factor in the ALJ's decision. It was

not, however, as Plaintiff attempts to argue, erroneous or conclusory. Much of the Plaintiff's complaints stem from self-reported levels of pain and fatigue. The ALJ found he could not credit these reports fully because of the opinion of medical experts that suggest he should not. Further, there are several inconsistencies within the record. The ALJ fairly and clearly considered the opinion of physical therapist Dr. Marcy Gordy, who completed a report of a functional capacity evaluation in December of 2013. The report notes,

> that the test findings combined with clinical observations suggested that considerable questions should be drawn to the reliability and accuracy of the claimant's reports of pain and disability. While the claimant reported he was able to lift less than ten pounds, testing showed he was able to lift twenty pounds and push or pull fifty pounds. He also stated he was able to sit only ten minutes, while testing showed he was able to sit for forty-five minutes at one time and nearly one hour throughout testing.

Doc. 12-2 at EFCp. 19. Additionally, some of the same medical reports that Plaintiff cites to in order to evince some Listing 1.04A elements also show the absence of others. (*See e.g*. Doc. 12-7 at ECF p. 110; Doc. 12-8 at EFC p. 101, both reporting no weakness).

The ALJ also found that Plaintiff's allegations regarding the severity of his back and hip pain was not fully credible because of significant evidence in the record, including exam results documenting normal gait without the use of any assistive devices, intact motor strength, no manipulative deficits, and normal muscle tone. Doc. 12-2 at EFC p. 21. The only evidence identified by Plaintiff in connection with his assertion that he meets Listing 1.04 is an MRI result showing two herniated discs an annular fissure (a tear in the intravertebral disc), and the ALJ specifically discussed the MRI and Plaintiff's subsequent nerve blocks in his decision. Doc. 12-2 at EFC p. 18.

The ALJ—not the Court—holds discretion to weigh evidence and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399–400 (1971). It is not for the Court to re-

evaluate facts, reweigh evidence, or substitute its judgment for the ALJ's. See *Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999). The ALJ has clearly used the medical records and Plaintiff's testimony to develop his finding and has articulated a logical bridge from those records to his decision.

### B. The ALJ's Failure to Summon a Psychologist to Testify Does Not Require Reversal

Plaintiff argues that because additional medical evidence wasn't submitted until after the hearing, and was therefore not considered by the agency's review physicians, that the ALJ was required to summon an additional psychologist as a medical advisor. The Plaintiff cites no law for this notion. The fact that the Plaintiff himself did not submit these medical records until after the hearing does not mean that the ALJ can no longer rely on the opinions of the examining physicians. As Defendant points out, evidence is frequently added to the record after the date of the state agency physician or psychologist opinion. Plaintiff's position would essentially prevent an ALJ from ever relying on the opinion from an agency physician or psychologist in these very common situations.

Plaintiff relies on *Barnett v. Barnhart*, 381 F.3d 664, 370 (7th Cir. 2004), in which the Court remanded due to the ALJ's perfunctory two-sentence listing analysis and because the record did not include an "SSA– 831–U5, SSA–832–U5, or SSA–833–U5 form that would otherwise satisfy the ALJ's duty to consider an expert's opinion on medical equivalence." The ALJ in this case, in contrast, spent a full page discussing Plaintiff's alleged depression and explaining why the Listing criteria were not satisfied, citing to the record numerous times. Doc. 12-2 at EFC p. 16-17. Further, the record in this case does include SSA-831 forms, which indicate that Plaintiff did *not* meet or equal any listing. Doc. 12-3 at EFC p. 3. There is no cause for remand under this argument.

9

### C. Substantial Evidence Support the ALJ's Step-Five Determination that Cedric Maxwell Could Perform Sufficient Available Jobs

Plaintiff's shallow argument on this point consists of the accusation that the ALJ's RFC "omitted almost all of the limitations due to [Plaintiff's] quite severe pain disorder . . . [and] cited no medical evidence to support his mere guesswork concerning the claimant functional abilities." Doc. 21 at EFC p. 13. It is unclear what the Plaintiff's basis is for declaring that the ALJ cited no medical evidence. The ALJ's opinion abundantly cites to this evidence and clearly addresses this evidence with regard to each criteria in the relevant Listings.

The ALJ asked the VE several hypotheticals to understand the possible jobs available to individuals with a range of limitations relevant to those that the Plaintiff describes. Doc. 12-2 at EFC p. 48-52. The ALJ clearly articulated his reasons for the particular RFC that he determined Plaintiff had. For the reasons already discussed, the ALJ properly arrived at his opinion, taking care to explain and justify his reasoning. Doc. 12-2 at EFC p. 17-21. It is not for this Court to reweigh the evidence used in arriving at this opinion. It is for this Court to say the opinion was based on far more than the "mere guesswork" that Plaintiff alleges. Doc. 21 at EFC p. 13.

### Conclusion

For the foregoing reasons, I recommend that the Court **AFFIRM** the ALJ's opinion. Any objections to this Report and Recommendation must be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days after service will constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED** the 11th day of April, 2016.

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**